## SAFETY CAB OPERATING CO v THACKER

Ohio Appeals, 2nd Dist, Franklin Co

No 2423. Decided June 28, 1934

Carl W. Lortz, Columbus, for plaintiff in error.

Kenneth Little, Columbus, for defendant in error.

SHERICK and MONTGOMERY, JJ, (5th Dist) sitting by designation.

## OPINION

### By MONTGOMERY, J.

In our judgment the record conclusively shows that the taxicab which collided with this motorcycle was owned by the plaintiff in error, and that at the time of the collision its driver, soliciting passengers, was engaged in the company's business, and the fact of agency is therefore clearly shown.

There is credible evidence and ample evidence to sustain the allegations of negligence made in the petition. While the evidence is disputed, its nature, character and extent were such as to make the determination of it a matter for the jury. From a reading of this record we can not find that the verdict was manifestly against the weight of the evidence, and for the same reason the two motions to direct verdict, and the motion for new trial were all properly overruled.

This special charge No. 4 which was offered and which the court refused to give is as follows:

"The court charges you that if you find that the plaintiff immediately prior to the collision was riding his motorcycle without his hands on the handle-bars and the fact that he did not have his hands on the handle-bars contributed directly or proximately to the ultimate collision, then your verdict should be for the defendant."

This refusal to give this charge is the only assignment of error in the case which has caused this court any difficulty. Had it been more skillfully worded, unquestionably it should have been given because it goes directly to one point in issue, and if correctly stated, manifestly it was the duty of the court to have given it. However, the language of this special charge is such as to make it confusing to a jury. It leaves it to the jury to determine whether or not the plaintiff, immediately prior to the collision, was riding his motorcycle without his hands on the handle-bars, but it does not, as we interpret the language used, leave it to the jury to determine whether or not this fact directly or proximately contributed to the collision. In other words, this charge is so drafted as to leave to the jury the determination of the one question of fact, and upon such determination the court states to the jury its effect, when the matter of its effect was for the jury to determine as much as it was for the jury to determine whether Thacker was riding without his hands on the handle-bars. This charge improperly assumes that if the plaintiff was riding with his hands off the handle-bars, he was negligent. This was a question of fact. Since this charge is so worded as to remove from the jury the determination of one question of fact and to place that determination upon the court, it was not error to refuse to give this charge.

It follows, therefore, that the judgment of the Common Pleas Court will be, and the same is affirmed.

HORNBECK, PJ, and SHERICK, J, concur.

## ON APPLICATION FOR REHEARING

### Decided Aug 1, 1934

### By THE COURT

Submitted upon application for rehearing consisting of two branches.

We undertook to discuss both of these claims in our former opinion. The action of defendant in error riding on his motorcycle without his hands on the handle-bars was a very strong indication of negligence on the part of the defendant, but it had three aspects:

1. Was it established?
2. Did it constitute negligence under the peculiar facts in the case? And,
3. If so, was it the proximate cause of the collision and incident injuries and damage?

The determination of the proximate cause of the collision as well as the other controverted questions were issues of fact peculiarly for the determination of the jury. Though we may have reached different conclusions had we been the triers of the facts we are unable to say that the members of the jury so far exceeded their rights as to require us to grant a new trial.

Respecting the charge, we undertook to discuss it as we saw it in our former opinion.

The application for rehearing may be overruled. Counsel for plaintiff in error

may note exceptions in the entry, and the entry may be prepared accordingly.

HORNBECK, PJ, SHERICK and MONT-GOMERY, JJ, concur.